UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>SK FOODS, L.P., a California Limited Partnership,<br><br>        Debtor,<br><br>BRADLEY D. SHARP, Chapter 11 Trustee,<br><br>        Plaintiff,<br><br>   v.<br><br>SEGAL & KIRBY, LLP,<br><br>        Defendant. | No. CIV. S-13-1363 LKK<br><br>**ORDER** |

    The adversary proceeding at issue here is brought by the bankruptcy Trustee, who seeks to recover $450,000 from Segal & Kirby LLP ("Segal"). The adversary complaint asserts that debtor SK Foods, while insolvent, paid that money to Segal "on account of legal services performed by Segal for the personal benefit of Scott Salyer, including, but not limited to, Scott Salyer's criminal defense." First Amended Complaint (ECF No. 8-1) ¶ 7. Segal asserts that Salyer was the CEO of the debtor, SK Foods,

1

and that SK Foods properly authorized the alleged payments, having concluded that it would be in its own best interests.

Segal moves to withdraw the reference of the case to the Bankruptcy Court, asserting that it has demanded a jury trial, it has a right to a jury trial, the Bankruptcy Court cannot conduct a jury trial without the consent of all parties, and Segal does not consent to proceed in the Bankruptcy Court.

For the reasons set forth below, the court will withdraw the reference.[1]

### I. BANKRUPTCY CASES AND PROCEEDINGS: DIVISION OF LABOR BETWEEN THE DISTRICT COURT AND THE BANKRUPCTY COURT

Except as otherwise provided by Congress, the district court has "original and exclusive jurisdiction of all cases under Title 11 … [and] original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."  28 U.S.C. § 1334(a) & (b); Stern v. Marshall, 564 U.S. ___, 131 S. Ct. 2594, 2603  (2011).[2]

---

[1] This matter was scheduled for the court's regular Law and Motion Calendar.  However, the court has concluded that it may be decided on the papers already filed, and without the benefit of oral argument.

[2] "Cases under Title 11" are bankruptcy cases, that is, the proceedings that are initiated by the filing of a petition in bankruptcy.  See 11 U.S.C. § 101(42) (bankruptcy petition "commenc[es] a case under this title").  Civil proceedings that "aris[e] under title 11, or aris[e] in … cases under title 11" are "core proceedings."  Stern v. Marshall, 1431 S. Ct. at 2605 ("core proceedings are those that arise in a bankruptcy case or under Title 11"); Montana v. Goldin (In re Pegasus Gold Corp.), 394 F.3d 1189, 1193 (9th Cir. 2005) ("[p]roceedings 'arising in' bankruptcy cases are generally referred to as 'core' proceedings, and essentially are proceedings that would not exist outside of bankruptcy") (citing 28 U.S.C. § 157(b)(2)).

2

1   Congress has empowered the district court to refer any such
2 cases and proceedings to bankruptcy judges.  See 28 U.S.C.
3 § 157(a).  Congress has empowered the Bankruptcy Court to "hear
4 and determine all cases under title 11 and all core proceedings
5 arising under title 11, or arising in a case under title 11," and
6 to "enter appropriate orders and judgments," subject to appellate
7 review in the district court.  28 U.S.C. § 157(b)(1); 158(c)(2)
8 (appeals).  "Core proceedings" expressly include "proceedings to
9 determine, avoid, or recover fraudulent conveyances."  Id.,
10 § 157(b)(2)(H).  Notwithstanding Congress's grant of authority to
11 the Bankruptcy Courts however, constitutional and statutory
12 impediments must be overcome before the Bankruptcy Court can
13 adjudicate a given claim.
14   First, notwithstanding the Congressional grant of authority,
15 as a constitutional matter, the Bankruptcy Court cannot
16 adjudicate a fraudulent conveyance claim against a non-claimant
17 to the bankruptcy estate:

> [C]an a non-Article III bankruptcy judge enter a final judgment in a fraudulent conveyance action against a nonclaimant to the bankruptcy estate? Federal law empowers bankruptcy judges to do so, but we hold that the Constitution forbids it.

22 Executive Benefits Ins. Agency v. Arkison (In re Bellingham Ins.
23 Agency, Inc.), 702 F.3d 553, 556 (9th Cir. 2012), cert. granted,
24 570 U.S. ___, 133 S. Ct. 2880 (2013).  That is because such a
25 claim does not involve "public rights,"[3] which are the only

---

[3] The Supreme Court and Ninth Circuit have written at length about what are "public rights," and why a Section 548 claim against a non-claimant to the bankruptcy estate does not involve public rights.  See Granfinanciera, S.A. v. Nordberg, 492 U.S. 33

claims the Bankruptcy Court can adjudicate.

> Bankruptcy judges, because they do not have the tenure and salary protections of Article III [of the U.S. Constitution], may not exercise the judicial power of the United States, except in cases involving public rights.

Carpenters Pension Trust Fund v. Moxley, ___ F.3d ___, 2013 WL 4417594 at *3 (9th Cir. 2013) (citing Stern v. Marshall, 131 S. Ct. at 2613). Second, as a statutory matter, the Bankruptcy Court cannot hear the claim if defendant has demanded a jury trial, is entitled to a jury trial, and has not consented to have the case adjudicated by the Bankruptcy Court. See 28 U.S.C. § 157(e) (authority of Bankruptcy Court to conduct jury trial with the parties' consent); Knupfer v. Linblad (In re Dyer), 322 F.3d 1178, 1194 (9th Cir. 2003) ("the bankruptcy court is unable to preside over a jury trial absent explicit consent from the parties and the district court").

**II. STANDARD FOR SECTION 157 WITHDRAWAL OF THE REFERENCE**

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown.

28 U.S.C. § 157(d). A motion to withdraw the reference "shall be heard by a district judge." Fed. R. Bankr. P. 5011(a); Sigma Micro Corp. v. Healthcentral.com (In re Healthcentral.com), 504 F.3d 775, 784-85 (9th Cir. 2007) ("'[t]he withdrawal decision is committed exclusively to the district court'"). Among the proper considerations on whether to withdraw the reference, are the

---

(1989), and Bellingham.

4

efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other similar issues. Security Farms v. Int'l Brotherhood of Teamsters, 124 F.3d 999, 1008 (9th Cir. 1997).[4]

### III. ANALYSIS

Under the authority granted by 28 U.S.C. § 157(a), the U.S. District Court for the Eastern District of California has referred all bankruptcy cases and proceedings to the Bankruptcy Judges of this district. See General Order Nos. 182 (May 14, 1985) & 223 (October 22, 1987).  Accordingly, the bankruptcy case, In re SK Foods,[5] and the adversary proceeding arising in that case, Sharp v. Segal,[6] were properly referred to the Bankruptcy Court.

The adversary proceeding at issue here is brought by the Trustee, pursuant to 11 U.S.C. §§ 548(a)(1)(B) (avoidance of fraudulent transfers) and 550 (recovery of fraudulent transfers), to recover money he asserts SK Foods transferred to Segal to pay for Salyer's legal bills.  The Trustee asserts that SK Foods did not receive "reasonably equivalent value" for the transfers, and that SK Foods was insolvent at the time it made the transfers. Complaint ¶¶ 8& 9.  Accordingly, the Trustee has brought a "core"

---

[4] Citing Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.), 4 F.3d 1095, 1101 (2d Cir. 1993), cert. dismissed, 511 U.S. 1026 (1994).

[5] Case No. 9-29162-D-11 (Bankr. E.D.  Cal.).

[6] Adv. Proc. No. 13-2181 (Bankr. E.D. Cal.).

5

proceeding as defined by the bankruptcy statute which, according to the statute, may be adjudicated by the Bankruptcy Court. See 11 U.S.C. §§ 157(b)(1) (bankruptcy judges may "hear and determine … all core proceedings arising under title 11"); 157(b)(2)(H) (proceedings to recover fraudulent conveyances are "core" proceedings); Bellingham, 702 F.3d at 558 ("[t]he bankruptcy judge hearing the Trustee's claim" under Section 548 was "empowered by statute to enter a final judgment," although the court later found that "the Constitution forbids it").

However, it is undisputed that Segal is a non-claimant to the SK Foods bankruptcy estate. Accordingly, the Trustee's fraudulent conveyance claims do not involve "public rights," and thus they may not be adjudicated in the Bankruptcy Court, notwithstanding their statutory designation as "core proceedings," and notwithstanding the express Congressional authorization empowering the Bankruptcy Court to adjudicate such a case. Bellingham, 702 F.3d at 561 ("fraudulent conveyance claims, because they do not fall within the public rights exception, cannot be adjudicated by non-Article III judges") (citing Granfinanciera and Stern v. Marshall). Indeed, both parties agree that the trial of this matter can only be conducted by an Article III court, and the final entry can only be entered by an Article III court, not the Bankruptcy Court.

Thus, the only disputes on this motion are (1) whether this court has the authority to permit the Bankruptcy Court to conduct pretrial proceedings, and (2) if so, whether this court should do so.

### A. The Bankruptcy Court May Conduct Pretrial Proceedings.

In Bellingham, the Ninth Circuit, faced with the same situation confronting this court – a fraudulent transfer (or "conveyance") case brought by the Trustee under Section 548 against a non-claimant of the bankruptcy estate – held that the Bankruptcy Court lacked "[o]nly the power to enter final judgment." Bellingham, 702 F.3d at 566. Accordingly, in Bellingham, the Ninth Circuit found that the Bankruptcy Court was permitted to "hear" the claim, and to then submit proposed findings and recommendations to the district court for its de novo review. Bellingham, 702 F.3d at 565. It would appear then, that the Bankruptcy Court may conduct pretrial proceedings, even though it may not conduct the trial itself.[7]

### B. Conservation of Judicial Resources Warrants Withdrawal of the Reference.

The parties each make creditable arguments about whether judicial resources are best preserved by having the Bankruptcy Court or the District Court conduct pretrial proceedings.[8]

---

[7] The court here relies on Bellingham's determination that "[o]nly the power to enter final judgment was abrogated." Bellingham, 702 F.3d at 566. The Trustee asks the court to rely upon Healthcentral.com. However, in that case, the Ninth Circuit addressed only whether the Bankruptcy Court could conduct pretrial proceedings in light of defendant's demand for a jury trial. The question in Healthcentral.com thus arose in the context of a statutory prohibition against the Bankruptcy Court's entering final judgment in the absence of the parties' consent. It did not consider whether the Bankruptcy Court could conduct pretrial proceedings where the Constitution withdrew the Bankruptcy Court's jurisdiction to "hear and determine" the case.

[8] In Sharp v. SKPM (In re SK Foods), 2:11-cv-2369 (E.D. Cal. April 3, 2013) (ECF No. 24), this court remanded the adversary

7

1        Segal notes that no proceedings have yet occurred in the
2   underlying adversary proceeding, and that that proceeding is
3   stayed pending resolution of this motion.  Segal argues that
4   leaving this proceeding in the Bankruptcy Court would create the
5   need for the parties to prepare the case for two courts, force
6   two courts to learn the case, and allow for inevitable
7   interruptions as orders are appealed from the Bankruptcy Court to
8   the District Court.  Also, Segal argues that Salyer's attorney-
9   client privilege and assertion of Fifth Amendment rights are
10  implicated here, and that this court is already familiar with
11  both as they pertain to Salyer.  Segal denies that it is forum
12  shopping.
13       The Trustee argues that the fraudulent conveyance claim is
14  still a "core proceeding" (even though it may not be adjudicated
15  to final judgment by the Bankruptcy Court), so the Bankruptcy
16  Court is best suited to deal with it as far as it is permitted
17  to, that is, though pretrial proceedings.  Further, the
18  Bankruptcy Court is intimately familiar with the overall
19  bankruptcy case, even if this is a brand-new adversary
20  proceeding.  Moreover, the Trustee argues, there is nothing
21  special about Salyer's assertion of the attorney-client privilege
22  requiring that this court, rather than the Bankruptcy Court, hear
23  it.  The Trustee asserts that the Fifth Amendment privilege no

---

proceeding for Findings and Recommendations, as authorized by
Bellingham.  In that case, no party had demanded a jury (SKPM,
ECF No. 24 at 5 n.5), so the Bankruptcy Court could conduct all
proceedings, all the way to Findings and Recommendations made to
this court.

longer exists, because Salyer has been sentenced.[9] The Trustee argues further that since the claim here is made under bankruptcy law, uniform administration of those laws counsels for leaving the proceeding in the Bankruptcy Court for pretrial matters. Finally, the Trustee asserts that Segal is forum shopping.

The court concludes that Segal has the better of these arguments. No appreciable judicial resources have been expended in the Bankruptcy Court on this brand-new, stayed, adversary proceeding. A duplication of judicial resources would likely occur if the Bankruptcy Court must first learn the case sufficiently to make it ready for trial, and then this court also must learn the case so that it can adjudicate the matter de novo.[10] Also, this court will be assisted in pretrial matters by a Magistrate Judge who can be assigned to the case to address any discovery disputes. The court is not convinced by the Trustee's appeal to the uniform administration of bankruptcy laws. The Supreme Court and the Ninth Circuit have determined that these cases must be decided by the district court. Any consequent effect on the administration of the bankruptcy laws is an unavoidable consequence of that mandate. The court does not believe that delegating pretrial matters to the Bankruptcy Court will mitigate whatever harm the Trustee fears in this area.

**IV. CONCLUSION**

---

[9] Segal demurs, asserting that the restitution part of the criminal trial is on-going, and so sentencing is not complete.

[10] The duplication in effort is likely to be exacerbated by the known tendency of the adversary proceedings in the underlying bankruptcy case to generate district court motions and interlocutory appeals to this court.

For the reasons set forth above, the court hereby **WITHDRAWS** reference of this adversary proceeding.  The matter is now set for a Status Conference in this court on October 28, 2013 at 11:00 a.m.

IT IS SO ORDERED.

DATED:  September 30, 2013.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT